IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  11-cv-02217-LTB-KLM

LIONEL WHITE,

       Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

       Defendant.
_____

ORDER
_____

This matter is before me on Plaintiff Lionel White's ("White") Motion for Attorneys Fees **[Doc #10]**. After considering the parties' arguments, and for the reasons below, I GRANT the motion in part and DENY it in part according to the instructions herein.

**I. Background**

On August 24, 2011, White filed a complaint against Defendant Cavalry Portfolio Services, LLC ("Cavalry"), alleging a violation of the Fair Debt Collections Practices Act (the "FDCPA"), 15 U.S.C. § 1962 *et seq.*  In his complaint, White sought damages and reasonable attorney's fees and costs pursuant to §§ 1692k(a) and 1692k(a)(3), respectively.  On September 15, 2011, Cavalry served White with an offer of judgment per Fed. R. Civ. P. 68; White accepted it on September 28, 2011. Pursuant to that acceptance, on September, 31, 2011, judgment was entered for White against Cavalry in the amount of $1,001.00 plus White's costs and reasonable attorneys fees.

**II. Law**

Section 1692k(a) of the FDCPA provides that a defendant is liable to a successful plaintiff for, among other things, "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine the "reasonable fee" under the FDCPA, I calculate the so-called "lodestar amount." *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The lodestar is the " 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Id.* (quoting *Hensly*, 461 U.S. at 433; *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1673 (2010)). "The burden of proving the claimed number of hours and rate is on the applicant . . . ." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996); *accord Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). A district court's attorney fee award is reviewed for an abuse of discretion. *Anchondo*, 616 F.3d at 1101 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995)); *Malloy*, 73 F.3d at 1017. Importantly, "[a] request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

### III. Discussion

With this motion, White seeks an award for the fees of his attorney, David M. Larson, in the amount of $4,020.00 for 13.4 hours of work at a rate of $300 per hour. (I note parenthetically that in his reply, White made an additional request for $1,440 in fees for 4.8 more hours in relation to Cavalry's response and his reply. I reject this request as untimely. *See, e.g.*, *Brimer v. Life Ins. Co. of North America*, 2012 WL 414386, *7 (10th Cir. Feb. 12, 2012) (holding that an argument first raised in a reply was untimely; therefore the district court did not err in rejecting it) (unpublished).)

I begin my analysis with the claimed hourly rate.

### A. *Hourly Rate*

"The setting of a reasonable hourly rate is within the district court's discretion," *Jane L.*, 61 F.3d at 1510, but it should be in line with "prevailing market rates in the relevant community" for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895, 896 n.11 (1984)).

After carefully reviewing the briefs, the billing record, the attached affidavits, and cited evidence, I conclude that White fails to meet his burden to establish that $300 per hour is reasonable. He makes three arguments in support of the claimed rate. The first is that Mr. Larson's qualifications and experience justify the rate. He explains that Mr. Larson has been practicing since 2001, has undergone extensive training by way of National Consumer Law Center Conferences, and has litigation or resolved over 1,000 FDCPA cases. In a vacuum, of course, Mr. Larson's resume is not enough to show that $300 is the prevailing market rate for like attorneys in Colorado.

White's second argument is that case law establishes that the $300 rate is reasonable; this is not so. He does not cite a case from this district or the Tenth Circuit holding that $300 is a reasonable per hour fee for Mr. Larson or an attorney like him. In fact, all of the cases from this Court that White cites in support found Mr. Larson's reasonable rate to be $250. *See Skaer v. Nat'l Action Fin. Services, Inc.*, 08-cv-00422-REB-MJW, 2009 WL 724054 (D. Colo. Mar. 18, 2009); *Babeon v. Nat'l Action Fin. Services, Inc.*, 08-cv-00027-JLK-CBS; *Miller v. Cavalry Portfolio Services, LLC*, 08-cv-00772-ZLW-KLM; *Ocker v. Nat'l Action Fin. Services, Inc.*, 08-cv-00421-REB-MJW; *Harper v. Phillips & Cohen Associates, LTD*, 08-cv-01500-REB-KLM. Moreover, three recent cases from this Court found Mr. Larson's rate to still be $250. *See Feder v. Midland*

*Credit Mgmt., Inc.*, 11-cv-02872-JLK , 2012 WL 266417, *1 (D. Colo. Jan. 30, 2012); *Wernick v. Midland Credit Mgmt., Inc.*, 11-cv-03162-JLK, Docket #10 (D. Colo. Feb. 8, 2012); *Fournier v. Midland Credit Mgmt., Inc.*, 11-cv-02802-MJW-MEH, 2012 WL 470468, *1 (D. Colo. Feb. 13, 2012).

White also proffers an affidavit from Richard Wynkoop, a Colorado consumer law lawyer, to establish the reasonableness of the claimed rate. This affidavit does not persuade me.

Mr. Wynkoop relies on the same cases from this Court which White cites in support. But, as stated above, all of those cases found that the reasonable hourly rate for Mr. Larson is $250. Mr. Wynkoop also states that a national survey of rates and salaries among consumer law attorneys found that the average hourly rate for attorneys practicing in small firms in the West, which included Colorado, was $300. Upon further inspection, however, this particular finding explicitly did "*not* take into consideration the factors of the degree of concentration or years of practice, among other things, all of which will have a large impact on any particular person's hourly rate." *See* Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2010-2011 at 13, *available at* www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf (emphasis added) (hereinafter, the "Survey"). This limitation vitiates that particular finding's weight. I do not raise this point to critique the Study; rather, I do so to show that Mr. Wynkoop's opinion is dubious insofar as it partially derives from this specific finding. Additionally, Mr. Larson has been practicing ten years, since 2001. The Survey found that the average hourly rate for attorneys in the West with six to ten years and eleven to fifteen years of experience was $262 and $223, respectively. *Id.* at 29.

The third source that Mr. Wynkoop draws upon to support the claimed $300 hourly rate is the Laffey-Matrix. It is plainly inapposite here because it "assess[es] legal fees *in the Washington-*

*Baltimore area*"–not Colorado. *See* www.laffeymatrix.com (emphasis added).  Finally, Mr. Wynkoop states that the claimed $300 rate is reasonable because the rate is "identical to [his] and [Mr. Larson's] ten years experience is comparable to [his] ten years of experience doing similar work."  This assertion, without more, is not enough to establish that $300 is a reasonable per hour rate in Colorado for attorneys like Mr. Larson.

Based on my review of the parties' briefs, the attached affidavits, case law from this district, and cited evidence, I conclude that the reasonable hourly rate in this district for attorneys with skill and experience comparable to Mr. Larson's is $250.  This tracks recent determinations by this Court with respect to Mr. Larson.  *See Feder*, *supra*; *Wernick, supra*; *Fournier*, *supra*. I note that is also approximates the Survey's results. *See* Survey, *supra* (finding that in 2010-2011, attorneys in the West, which included Colorado, with six to ten years of experience charged an average hourly rate of $262, and those with eleven to fifteen years of experience charged $233).

### *B. Hours Expended*

I next consider the "number of hours reasonably expended in litigation." *Anchondo*, 616 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 433). Here again, White's burden "is to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (internal quotations omitted). "The Supreme Court, recognizing that not all hours expended in litigation are normally billed to a client, noted that an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked." *Malloy*, 73 F.3d at 1018. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, . . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant

5

to statutory authority." *Hensley*, 461 at 434.  Hence, I have a "corresponding obligation to exclude hours 'not reasonably expended' from the calculation." *Malloy*, 73 F.3d at 1018.  In reviewing the bill and presenting my determination, I "need not identify and justify every hour allowed or disallowed." *Id.*

White asserts that his attorney reasonably expended 13.4 hours in litigation on his case. Without presenting each argument in detail, item by item, Cavalry disputes this total on the following grounds.  First, the number of hours White is claiming is excessive–specifically five hours for Mr. Larson's initial review of a "standard FDCPA case" and drafting the "canned" complaint. Second, three of the billed hours (and, thus, $900 of the requested fees under White's claimed rate) relate to secretarial or clerical tasks.  *See* Def.'s Resp. at 10-11. Third, many of the billed items are unnecessary, duplicative, or independently required: eleven phone conversations between Mr. Larson and White in a six-week period; the many terse, one sentence emails between the parties; and the .4 hours devoted to discussing an affidavit with Mr. Wynkoop.

I agree with Cavalry that White has not met his burden of showing that each of the 13.4 hours was reasonably expended in litigation. Based on my review of the briefs, the billing record therein, attached affidavits, and cited evidence, I conclude that the reasonable expended attorney hours approximates 9.9 hours.  This 3.5 difference is a product of numerous findings.  My review of the bill shows that, when aggregated, at least one hour was devoted to clerical or administrative tasks–mostly items related to filing court documents.  These types of tasks are not billable at a lawyer's hourly rate. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. What the court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (CA5 1974), said

in regard to the work of attorneys is applicable by analogy to paralegals: 'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.' "). Because White offers no other evidence in support of a rate commensurate with those tasks, I subtract that time.

I further subtract 2.5 hours because I deem some of the time spent on emailing, phone calling, and recovering attorney's fees duplicative, excessive, or both. Using the billing statement in the motion, a conservative calculation reveals that 5.3 of the 13.4 hours were devoted to these three activities. I conclude that this time is unreasonable for the following reasons. The resolution of the case was swift, simple, and lacked any serious dispute: Cavalry made an offer of judgment just three weeks after White filed his complaint, White accepted the offer less than two weeks later, and judgement was entered merely five weeks after White filed his complaint. Additionally, Mr. Larson prepares motions for attorney's fees in FDCPA cases regularly, often using practically identical motions and affidavits for different cases. *Compare, e.g.*, Pl.'s Mot.; *with Fournier*, 11-cv-02802, Docket # 10*; and with Harper*, 08-cv-01500-REB-KLM, Docket # 25.

While White may want a line by line analysis of my assessment and resulting reduction, I "need not, *and indeed should not*, become [a] green-eyeshade accountant" who audits every single billed item. *See Fox v. Vice*, 131 S.Ct. 2205, 2217 (2011) (emphasis added). And recall that I "need not identify and justify every hour allowed or disallowed." *Malloy*, 73 F.3d at 1018. This is because "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates

in calculating and allocating an attorney's time." *Fox*, 131 S.Ct. at 221. This is what I have done.

I note that, when reviewing a plaintiff's motion for attorneys's fees in cases factually, procedurally, and legally cognate to the instant matter, other judges have recently found similar issues with Mr. Larson's billing and made comparable reductions in expended hours. In *Fournier*, the plaintiff sought fees for 12.6 hours of services Mr. Larson provided over a nearly three month period. *See* 11-cv-02802, Docket # 10. Magistrate Judge Hegarty found this to be excessive and reduced the hours to 8.7 (a 3.9 hour reduction). *See id.* at Docket # 15. In *Feder*, the plaintiff sought fees for 11.9 hours of services Mr. Larson provided over a two month period. *See* 11-02872, Docket #8. Judge Kane found that "the listing of hours expended by counsel is excessive and includes items that are purely administrative/secretarial in nature " and determined that the reasonable hours expended was eight (a 3.9 hour reduction). *See id.* at Docket #11. And in *Wernick*, 11-cv-03162, the plaintiff sought fees for ten hours of services Mr. Larson provided over a roughly five week period. *See* 11-03162, Docket #8. Judge Kane again reduced the hours to eight (a two hour reduction) "for time spent performing purely administrative tasks such as e-filing, converting file formats, and downloading electronic notices and files from the court, and for time deemed excessive related to the recovery of attorney fees." *See id.* Docket # 10.

### C. Lodestar Amount

Using the determinations above, the lodestar amount is $2,475 (9.9 hours multiplied by $250). This amount is "presumptively reasonable" and "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo* 616 F.3d at 1101 (citing *Perdue*, 130 S.Ct. at 1673 (2010)); *accord Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Special circumstances do not exist here. Nor does White produce evidence to support an adjustment.

*See Perdue*, 130 S.Ct. at 1673 ("[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant. . . . [A] fee applicant seeking an enhancement must produce 'specific evidence' that supports the award.") (internal citations omitted). This amount is "adequate to attract competent counsel, but [does] not produce windfalls to attorneys." *Blum*, 465 U.S. 893-94. I therefore do not adjust it.

Accordingly, I conclude that a reasonable fee is $2,475. Because White prevailed in his FDCPA action, I award him this amount. *See* 15 U.S.C. § 1692k(a)(3).

I address one remaining issue now. In its response, Cavalry asks me to order White to disclose its fee agreement with Mr. Larson pursuant to Fed. R. Civ. P. 54(d)(2)(B)(iv). I do not address this argument because a response is not the proper mode with which to make this request. *See* D.C.COLO.LCivR 7.1.C ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper."). Consequently, I do not issue such an order.

### IV. Conclusion

For the foregoing reasons, IT IS ORDERED that Cavalry's Motion for Attorneys Fees **[Doc #10]**, is GRANTED up to $2,475, but the portion seeking an award above that amount is DENIED. The $2,475 granted shall be added to the current judgment of $1,001.00 plus costs and post-judgment interest per the judgment. *See* Docket #7.

Date: March 16, 2012 in Denver, Colorado.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE